Battle, J.
 

 The only question presented for our consider-.
 
 *349
 
 ation, depends upon the proper construction of the following clause of the will of Joseph M. Smith : “ I give the following negroes to my son, Joseph N. M. Smith’s five children, now living, viz : Sally Ann Smith, Martha Smith, Benjamin Smith, Abner Smith and -Joseph Moseby Smith, when the youngest arrives to lawful age, the following negroes and their increase, to wit: Harriet,” &c., “ to be equally divided between them and their heirs forever, reserving, as aforesaid, to my son, Joseph N. M. Smith, in the land, including the mill and ne-groes, during his natural life.” The testator, in a previous clause of his will, had given to his two grandsons, Benjamin and Abner Smith, a tract of land, equally to be divided between them, reserving a life-estate therein to their father, Joseph N. M. Smith. Sail}' Ann Smith, after the death of the testator, married, but died before the youngest of the five children of Joseph N. M. Smith arrived at full age, and the question is presented on the claim of her husband, as her administrator, whether the legacy of the slaves is vested, or contingent.
 

 It is conceded that the word, “ when,” like the words “at” or “ if,” applied to a legacy of personalty, ordinarily, makes the gift contingent. Thus, if a negro were given to A, when he arrives at age, with nothing to explain or control the expression, it would be the same as if the legacy were given to him “at” his arrival of age, or “if” he arrived at. age, and should, consequently, he coustrued to be conditional upon his arrival at age. But when it appears from the context, or from the general scope of the will, that the testator intended to designate only the time when the enjoyment of the legacy is to commence, there the legacj7 will he held to he vested. Among other expressions, to which this effect will ho given, is that of “ equally to be divided between them,” where there are several legatees. The law, it is said, always leans in favor of holding legacies vested, rather than contingent, where the clauses, in which they are given, are ambiguous, and the intention doubtful;
 
 Stuart
 
 v. Bruar, 6 Ves. Jun’r., 529;
 
 Litwell
 
 v. Bernard, Ibid. 522. In most cases, this expression
 
 *350
 
 of “equally to be divided between them,” will apply, as well to the time of enjoyment, as to the gift itself, and hence, in such cases, the legacy will be taken to be vested. In the case now before us, there is nothing to forbid the application of this rule, and the legacy of the slaves must be considered as having vested at the death of the testator, the division among the legatees not to take place until the arrival of the youngest at full age — the whole legacy having been subject to the life of their father; see
 
 Guyther
 
 v. Taylor, 3 Ired. Eq. 329.
 

 Per CüriaM, The demurrer overruled and the cause remanded.