*BENJAMIN SUTTON, Administrator, v. WILLIAM H. WEST, Executor.

*Will--Vested Legacy--Administrator Entitled to Recover.*

1. Where a testator bequeathed to each of his children a pecuniary legacy "when the youngest child arrived at the age of twelve years " and provided that his whole estate should be enjoyed by his family in common until that time ; *Held,* that the legacy was a vested one, and that the testator intended only to postpone the time of payment.

2. In such case the administrator of a deceased legatee is entitled to recover the amount of the legacy.

(*Guyther* v. *Taylor,* 3 Ire. Eq. 323 ; *Giles* v. *Franks,* 2 Dev. Eq. 521 ; *Perry* v. *Rhodes,* 2 Mur. 140, cited and approved )

CASE AGREED heard at Spring Term, 1876, of LENOIR Superior Court, before *Seymour J.*

One K. T. West died in Lenoir County in 1865, leaving a last will and testament appointing the defendant his executor. Elizabeth A. West, one of the legatees under the will, married the plaintiff Benjamin Sutton and died intestate in 1867, and her husband was appointed her administrator. That portion of the will necessary to an understanding of the opinion is as follows :

" 2. I give to each of my nine youngest children, to wit, * * * Elizabeth A. West, and (naming them), as they shall arrive at the age of twenty-one years or get married, (articles of personal property.)

3. I give to each of my eight youngest children, to wit, * * * Elizabeth A. West, &c., when the youngest shall arrive at the age of twelve years, five hundred dollars in money.

---

*FAIRCLOTH, J. having been of counsel in the Court below, did not sit on the hearing of this case.

4. I give to my beloved wife, Teresa L. West, when my youngest child shall arrive at the age of twelve years, if she be then living, five hundred dollars in money.

5. I lend to my wife, Teresa, and my seven youngest children, to wit, * * * Elizabeth, &c., all my real and personal estate, with the understanding that they are to enjoy so much of the rents * * * as may be necessary for their support in common until the youngest child shall arrive at the age of twelve years ; and after the youngest child shall have arrived at said age, it is then my will and desire that all of the estate above named shall be sold, and the proceeds divided equally between my wife, if she should then be living, and all of my children or their legal representatives, to wit, * * * Elizabeth, &c. It is furthermore my will and desire that if any of my seven youngest children hereinbefore mentioned shall marry before the youngest child arrives at the age of twelve years, he, she or they shall immediately * * * cease to enjoy the rents and profits accruing from my said estate, until the final division between all my children shall take place."

The plaintiff has demanded of defendant the sum of five hundred dollars with interest from the 9th of June, 1875, and the defendant refuses payment upon the ground that said Elizabeth A. Sutton, the intestate of plaintiff, died before Robert S. West, the youngest child of said testator, arrived at the age of twelve years, and insisted that said legacy was contingent upon Elizabeth's living until Robert arrived at the age of twelve years, and was not vested. Robert arrived at the age of twelve after the death of plaintiff's intestate.

His Honor held, " that the will showed an intention to keep the estate together until the youngest child reached the age of twelve, so that the widow and her family might have a support. The postponement of the legacies of the eight youngest children had ' reference to the convenience of

the estate,' and by a rule of law the legacies vested immediately." Judgment for plaintiff. Appeal by defendant.

*Mr. H. F. Grainger*, for plaintiff.
*Mr. W. N. H. Smith*, for defendant.

RODMAN, J. It is conceded that the words "if," and "when," are ordinarily words of condition, or of conditional limitation. *Guyther* v. *Taylor*, 3 Ire. Eq. 323; *Giles* v. *Franks*, 2 Dev. Eq. 521. It is equally clear that their meaning may be controlled by provisions in the will which show an intent that the legacy shall be vested. If the third clause in the present will stood alone, we probably should consider the legacy of $500 to Elizabeth West, as contingent on her being alive when the youngest child of the testator became twelve years of age. The language of the fourth clause as well as that of the fifth, shows that the testator knew very well how to make a legacy clearly and unmistakably contingent.

In our opinion the legacy in question was vested, and the testator intended only to postpone the time of payment. Our opinion is founded on the following reasons:

1. By the fifth clause, the testator lends to his wife, and seven youngest children, (naming them, and among them Elizabeth) all his real and personal estate for their support out of the profits, until his youngest child shall arrive at the age of twelve years. And the will proceeds; "It is then my will and desire, that all of the estate above named shall be sold, and the proceeds thereof divided equally between my wife, if she should then be living, and all of my children, or their legal representatives, to-wit;"—naming them, and among them the said Elizabeth.

This legacy of the residue is certainly vested. If we were to hold the legacy of $500 to Elizabeth in the third clause to have lapsed upon her death before the arrival of the youngest child to the age of twelve years, it would fall into

the residue, and her representative would take a part of it under this fifth clause. We can conceive of no reason why a testator should make dispositions of his property inconsistent with each other in part at least.

2. The payment of the $500 is to take place when the youngest child becomes twelve years of age. At that time the whole estate of the testator is to be sold. The pecuniary legacies are then to be paid, and the residue is then to be divided among certain children named. It is settled, that if in the third clause the testator in giving the legacy of $500 had used the words "to be paid" when the youngest child attains twelve years, the legacy to Elizabeth would have been vested. The language of the fifth clause is to that effect, and it is immaterial where it is inserted. *Perry v. Rhodes*, 2 Mur. 140.

PER CURIAM.                                    Judgment affirmed.