HENRY WARREN, Appellant, *v.* MARY M. HEMBREE, Respondent.

CONSTRUCTION OF WILL—VESTED LEGACY.—A testator made the following bequest: "I give and bequeath to my nephew, F. M. S., one tenth of all my personal property, outside of my real estate, the said one tenth to be given to him when he is twenty-two years of age." *Held*, that F. M. S. took a vested legacy; and that having died before he became twenty-two years of age, his personal representative is entitled to recover the legacy.

APPEAL from Yamhill County.  The facts are stated in the opinion.

*H. & A. M. Hurley,* for appellant:

Where a legacy is given to a person generally, by express terms, which is to be paid to him at a certain age or upon the happening of a certain event, it will confer such a vested interest in the legatee, that although he should die before the age mentioned, or the happening of the event, his heirs at law or personal representatives would be entitled to the legacy; for the time mentioned in the will is not annexed to the substance of the gift, the legacy, but to the possession, use, and enjoyment of it.  (Willard's Eq. Jur. 513; 1 Jarman on Wills, 462; 1 Am. Dec. 97; 9 Id. 605; Dayton on Surrogates, 390.)  Where the residue of an estate is first given by·the use of language which would, beyond all controversy, confer a vested interest, the subsequent use of expressions of a contrary tendency will not suspend the vesting of the legacy.  (1 Jarman on Wills, 648; N. Y. Dig. 2490; 2 Am. Dec. 97; 9 Id. 605.)  Where there is language used which renders it uncertain whether the testator intended the legacy to be vested or contingent, the rule is to construe the language most strongly in favor of the vesting of the legacy,  (Willard's Equity, 513; 2 Redfield on Wills, 248.)

There is no distinction between the words "to be *given* when he shall arrive at the age of twenty-two," and the words "to be *paid* when he shall arrive at the age of twenty-two years.  (2 Redfield on Wills, 232–234.)  Where a vested estate is clearly given in the body of the bequest, vague words following are not to be so construed as to render the bequest contingent.  (Id. 235.)  A bequest to the testator's grandson, "if he shall arrive at the age of twenty-one years, then to be paid over to him by my said executor," was held to be vested and not contingent.  (Id. 248.)

The testator intended by the use of the words, "except as hereinafter provided," that his wife should have the use, control, etc., of all his property, except the special legacy provided for in the will.  Where two clauses in a will are

so contradictory and conflicting that force can not be given to both, the first must give way to the second, and force and effect must be given to the second or last clause while the first is to be rejected. (52 N. Y. 12; 9 Id. 113; 1 Jarman on Wills, 293.) The language used in the first sentence in the bequest is: "I give and bequeath to my nephew, Frank M. Shadden, the one tenth part of all my personal property, outside of my real estate." This relates to the present, and expresses an act done by the testator himself.

*McCain & Fenton,* for respondents:

The language used in the bequest to Shadden, even standing alone, is hardly sufficient to vest the legacy *in præsenti;* it is not the language ordinarily used for that purpose—the language being ambiguous. (Will. Eq. 513, 517; 11 Wend. 259; 6 C. E. Greenl. 326, 26; 49 Me. 159; 21 Pick. 312; 13 Penn. St. 503; 34 Ga. 8; 2 Williams on Executors, 1332, 1353; 2 Redfield on Wills, 168, 172, note 55; 39 Miss. 233; 2 Redfield on Wills, 230, secs. 26, 27.) Where there is an ambiguity in any provision, resort must be had to the remaining provisions for a proper construction. (Willard's Eq. 495.)

It is natural that the first care of the testator should be of his own immediate family. It appears from the will itself that Shadden was a young man not likely to have a family in whom the testator would have an interest in the event of the death of the legatee. These circumstances should be considered in connection with the language used in the will. (Willard's Eq. 493; 2 Redfield on Wills, 245, 250, 252.)

If the construction that the legacy vested in *præsenti,* to take effect in possession when the legatee should arrive at twenty-two years of age, be given, the provision is repugnant to that in favor of the widow. Such repugnancy is to be avoided if possible. (1 Redfield, 245, 250, 252; Jarman on Wills, 396.) If the bequest to Shadden was contingent to vest at twenty-two years old, and to take effect in possession at the marriage or death of the widow, effect is given to all the provisions and the whole instrument is consistent.

The provision in favor of Frank M. Shadden is in the nature of an exception out of the general bequest to Henry L. Hembree, upon the termination of the present estate vested in Mary M. Hembree. It is so engrafted upon that bequest as to become a part of it, and can no more take effect in possession pending the estate in the widow than can the general bequest to Henry L. Hembree. Hence the inconsistency of the construction claimed by counsel for the appellant, that Shadden was to come into the enjoyment of the legacy at twenty-two years old, when the immediate estate in the widow might not yet be terminated. (24 N. Y. 466.) A vested legacy usually has these characteristics—enjoyment of interest or annuity by legatee, during minority, out of vested fund; a separation of the legacy from the common fund; a direction to a trustee to deliver or pay over to guardian or to the beneficiary, at a time convenient to the estate, the whole amount. (Wigram and O'Hara on Wills, 261.)

In this will none of these distinctive features exist; the fund is entire, no interest is accruing, no new estate is being created, the widow is the sole beneficiary of the whole, with contingent estates to be carved out, at certain times and upon certain events.

By the Court, KELLY, C. J.:

Lycurgus Hembree died on the thirty-first day of March, 1876, leaving a will made on the eighth day of November, 1875. The material portions of the will are as follows: "2. I give and bequeath to my son, Henry L. Hembree, my farm in Lane county, known as the Green B. Rogers donation land claim. 3. I give and bequeath unto my beloved wife, Mary M. Hembree, my town property in the town of McMinville. 4. It is my will that my beloved wife shall have the use, control and management of all my property, both personal and real, during her natural life, or so long as she shall remain my widow, and then the said property shall all go to my son, Henry L. Hembree, except as hereinafter provided. 5. I give and bequeath to my nephew, Frank M. Shadden, one-tenth of all my personal property

outside of my real estate. The said one tenth to be given to him when he is twenty-two years of age. 6. It is my will, that in the event my beloved wife and my son, Henry L. Hembree, shall die before my son Henry L. Hembree shall become twenty-one years of age, then it is my will that my real estate shall descend to my nephew, Frank M. Shadden, and in the event so mentioned I do so will the same to him. And it is my will farther in the event just mentioned, the death of my wife and son, that all my personal property shall be equally divided, one half descend to my brother, I. N. Hembree, my sisters, Levina Preston and Susetta Preston, and Elizabeth Montgomery, each to have an equal share; and the other half to my beloved wife's brother and sister, each to have an equal share. It is my will that my son be thoroughly educated as far he will receive an education. 8. I hereby appoint my beloved wife my sole executrix, and it is my desire and will that she be not required to give bonds in administering upon my estate."

This will was admitted to probate on the third day of July, 1876, and Mary M. Hembree, the widow of the testator, was appointed executrix thereof. Frank M. Shadden died on the thirtieth day of September, 1878, and was at the time of his death twenty-one years two months and six days old. Henry Warren was appointed administrator of his estate. Mary M. Hembree, the widow of the testator, is still living and unmarried, and has duly administered the estate, and paid the indebtedness of the decedent, and has on hand twenty thousand dollars subject to distribution.

This suit was brought by the appellant for one tenth of that sum, under the fifth clause of the will, and the only question presented for our consideration is, whether the bequest to Frank M. Shadden was a vested or a contingent legacy. The intention of the testator is always to govern in the construction of his will, and it is to be so construed, if possible, as to harmonize the several provisions and give effect to them all. But in case of doubt or uncertainty as to whether the testator intended to give a vested or a contingent legacy, certain rules have been laid down by elementary law writers and by the decisions of courts to govern in the

construction of the will.   Blackstone says: "If a contingent
legacy be left to any one, as when he attains, or if he attains
the age of twenty-one and dies before that time, it is a lapsed
legacy.   But a legacy to one to be paid when he attains the
age of twenty-one years is a vested legacy; an interest which
commences *in præsenti* although *solvendum in futuro*." (2
Bl. Com. 513.)   The question in such cases usually is
whether the gift and the time of payment are distinct.
If they are, then, as each clause in a will is to have some
operation, the gift is deemed to be vested at once, and paya-
ble at a future time.   (O'Hara on the Construction of Wills,
262.)

Tested by the rules here laid down, the bequest to Frank
M. Shadden in the fifth clause of the will was clearly a
vested legacy, and the words "to be given to him when
he is twenty-two years of age," are equivalent in meaning
to the words "to be paid to him when," etc., and it is con-
ceded that if the latter phraseology had been used by the
testator, the legacy would have vested on his death in the
legatee.   Other portions of the will tend to show that this
was the intention of Lycurgus Hembree, when he made his
will.   By the sixth clause it appears that he was especially
careful to provide how his other property should be dis-
posed of in the event of the death of his wife and son before
the latter should become twenty-one years of age, but in
regard to the one tenth part bequeathed to Frank M. Shad-
den, he made no disposition whatever in case of his death,
showing clearly, we think, that the testator considered this
portion of his estate as finally disposed of and that it would
become vested in Shadden as soon as the will should take
effect.   But it is contended in behalf of respondent that
this construction is inconsistent with the provisions con-
tained in the fourth clause, and that the widow is entitled,
during her life and widowhood, to the use, control, and man-
agement of all the property of the testator, including as
well that bequeathed to Shadden as that which was devised
to his son.   That is not the proper construction to be placed
upon this provision of the will.   The last words of it,
"except as herein provided," exclude the idea that she was

to have the use and control of all the property of the testator. They except from her control a part of it, and this exception can apply only to that portion bequeathed to Shadden. The widow was entitled to use and control it until he should become twenty-two years of age, when, in the language of the will, it was "to be given to him by the executrix." The decree of the circuit court is reversed and this cause remanded for further proceedings.