HARVEY W. PARTRIDGE, executor, *vs.* DAVID A. CLARY & another.

Berkshire.    September 11, 1917. — October 23, 1917.

Present: RUGG, LORING, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Devise and Legacy.    Trust,* Termination.    *Release.    Estoppel.*

A testator devised and bequeathed the residue of his estate to his executors as
trustees to pay during the life of his wife one half of the net income to his wife
and the other half of the net income to his son and, upon the death of his wife,
to pay, convey and deliver all the property to his son, "to have and to hold to
him and his heirs and assigns forever." *Held,* that the son took a vested
remainder.

Under the will above described the residue amounted to $63,300. The execu-
tors paid to the wife $23,837.46 and to the son, who was of age, $39,462.54
and took from each a release under seal acknowledging full satisfaction of all
claims against the estate and the executors. The release of the son was of
all claims or demands to be made by him or his heirs or legal representatives.
The son died nineteen years after this transaction and the testator's widow died
four years later. Thereupon the surviving executor of the will filed his ac-
count asking for the allowance of the two payments stated above. The
children of the son appealed from a decree allowing the account. *Held,* that,
if the executors as trustees had no right to end the trust and distribute the
fund when they did so, the appellants, claiming as the children of the son,
had no standing in court to complain of it, being bound by their father's re-
lease under seal.

It also was *held* that, even if it were open to the appellants to object to the
transaction by which the trust property was divided, there was nothing to
show that the widow and the son did not receive each the full value of their
respective interests in the $63,300, in the division of which the son had ac-
quiesced during the nineteen years that he had lived thereafter.

APPEAL from a decree of the Probate Court for the county of
Berkshire allowing the final account of the sole surviving executor
of the will of David A. Clary, late of Pittsfield, who died on
April 2, 1891. The appellants were David A. Clary and Ethel
May Clary, who were the children of Gordon McKay Clary and
the grandchildren of the testator.

The case came on to be heard by *Crosby,* J., who, at the request
of the parties, reserved it upon a case stated and the reasons
for appeal for determination by the full court. The essential
facts and the contentions of the appellants are stated in the
opinion.

The will of David A. Clary was dated March 23, 1891, and was allowed on May 5, 1891. The material provisions of the will were as follows:

"Seventh. All the rest, residue and remainder of my estate and property owned by me at the time of my death, after all the foregoing provisions of this will are fully carried out and performed, I give, devise and bequeath said rest, residue and remainder as follows, to wit:

"I will and direct that the same be held, invested and reinvested as occasion requires by my executors acting as trustees, or by some other person to be appointed trustee if they do not act, — and one half of the net income thereof be paid over from time to time to my said wife during her life, and the net income of the other half be paid over from time to time, to my said son Gordon McKay Clary during the life of my said wife; and at the time of the decease of my said wife, the principal of the trust property then remaining in the hands of the trustees or trustee as the case may be, shall be paid over, conveyed, and delivered to my said son Gordon McKay Clary discharged of all trust, to have and to hold to him and his heirs and assigns forever."

The case was submitted on briefs.

W. C. Kellogg & H. W. Smith (of New York), for the appellants.

J. F. Noxon & M. L. Eisner, for the appellee.

LORING, J. This is an appeal from a decree allowing the first and final account of the survivor of the executors of the will of the appellants' grandfather. The grandfather bequeathed the residue of his estate to the executors of his will in trust to pay the income to his wife and son during the life of his wife and then to pay over, convey and deliver the corpus to the son. It was found that the residue came to $63,300. Thereupon the executors paid to the wife $23,837.46 and to the son $39,462.54 on receiving from each a release under seal in which full satisfaction was acknowledged of all claims against the estate and the executors. These releases were filed in the Probate Court on January 14, 1892. We assume that they were filed under the statute enacted to give executors, administrators, guardians and trustees who settle their accounts out of court a right to have recorded in the Probate Court any instrument acknowledging performance of their duty. St. 1864, c. 93, now R. L. c. 162, § 48. The son (father of the

appellants) died intestate in 1911 and the widow died in 1915. Ten months later the account here in question was filed by Partridge (the appellee) as the surviving executor of the will of the testator. The other executor was the testator's wife. In this account the surviving executor asked to be allowed for the two payments of $39,462.54 and $23,837.46. The account was allowed by the Probate Court and the appeal now before us was taken by two children of the son. Their objection consists in the allowance of the two payments of $39,462.54 and $23,837.46.

The appellants' first contention is that the remainder over upon the death of the testator's widow was a contingent remainder and never vested in their father. This contention is based upon the fact that no words of present gift are to be found in the clause of the will which creates the gift over. The gift over is created by a direction to pay, convey and deliver upon the death of the widow. The appellants rely in this connection upon *Eager* v. *Whitney*, 163 Mass. 463, *Heard* v. *Read*, 169 Mass. 216, *Crapo* v. *Price*, 190 Mass. 317, *Brown* v. *Wright*, 194 Mass. 540, *Boston Safe Deposit & Trust Co.* v. *Blanchard*, 196 Mass. 35, *White* v. *Underwood*, 215 Mass. 299. But there is no direction to pay, convey and deliver to any one but the son. The direction is to pay, convey and deliver to the son "to have and to hold to him and his heirs and assigns forever," that is to say, to the son in fee and absolutely. For the reason that there is no gift to any one but the son we do not reach in the case at bar the question which was decided in *Welch* v. *Blanchard*, 208 Mass. 523 (namely, that a remainder otherwise a vested remainder is not made a contingent one by reason of the fact that it is created without words of present gift by a direction to pay). Much less do we reach the question decided in the cases relied upon by the appellants, namely, the fact that a gift made by a direction to pay only is a fact which with other facts may make a remainder a contingent remainder. In the event that happened (namely, the son predeceasing the widow) the testator died intestate on the death of his widow so far as the great bulk of his property is concerned if the remainder over to the son was contingent upon his surviving his step-mother. It is plain that the son had a vested remainder in the $63,300.

The question in the case at bar therefore comes to this: Can

the personal representatives of one who owned a vested remainder in a trust fund charge a trustee for ending the trust and distributing the fund between the life tenant and remainderman upon receiving from both a release under seal, each being at the time of full age and *sui juris?* It may be assumed that under the doctrine of *Claflin* v. *Claflin*, 149 Mass. 19, and the many cases following it, including *Welch* v. *Episcopal Theological School*, 189 Mass. 108, the trustee in the case at bar had no right to end the trust and distribute the fund when he did. But, assuming that to be so, the appellants have no standing to complain of it. Their standing in court is as the personal representative of their father who was the absolute owner of the remainder. He chose to agree to the untimely termination of the trust. Upon this untimely termination of the trust the appellants' father gave to Partridge (the surviving executor of the testator's will) a release in these words *inter alia:* "I hereby fully discharge and acquit said executors and all the sureties upon their official bond and said estate from any other or further claim or demand to be made by me, my heirs or legal representatives upon them or any of them or upon said estate forever." That ends the appellants' claim apart from the further contention which we are about to consider.

The next contention of the appellants is that their father could have avoided or rescinded the transaction and that this right of avoidance and rescission has come from him to them. This contention is based upon the fact that the widow was one of the executors and therefore the transaction by which the trust was terminated immediately upon its coming into existence was a transaction between trustee and *cestui que trust* to which the surviving executor was privy. But a transaction between trustee and *cestui que trust* is not void. It is however a transaction which will be subjected to a strict scrutiny. Subjecting the transaction here in question to the strictest of scrutinies there is nothing to be found in the record to warrant the inference that the widow overreached the son. Much less that the other executor was privy to a fraud practised by the widow upon the son. The son received nearly two thirds as much again as the widow. If the widow's chance of life was the normal one for a person of her age, the then present value of her life estate could be computed by a reference to standard mortality tables. But the widow's

age and her condition of health were. not put in evidence in the case at bar. There is nothing to show that the widow and the son did not each receive the then present value of their interests (as life tenants and remainderman) in the $63,300. Under these circumstances it is not necessary to go further and point out that the son survived the transaction for nineteen years and by his inaction during that time ratified the transaction here complained of and that the appellants have no greater rights than he had.

The principles of law involved in this case are settled in this Commonwealth. For that reason we have not found it necessary to discuss the many cases from other jurisdictions relied upon by the appellants.

*Decree affirmed with costs.*