IN THE MATTER OF W. T. CROSS AND C. M. EARLEY, EXECUTORS OF
W. H. HILL, DECEASED.

(Filed 20 September, 1933.)

**1. Wills E a—**
    In the construction of wills there is a presumption against intestacy.

**2. Same—**
    In the construction of a will the intention of the testator as expressed
    in the will, construing the will as an entirety, will be given effect.

**3. Wills E b—Under the language of the will in this case, testator died
    intestate as to certain funds coming into hands of his executor.**
    The will in this case directed that the executor sell the testator's
    "Chattel property" and give the proceeds of the sale to testator's wife.
    There was no residuary clause in the will. *Held,* the word "chattel" em-
    braced only movable personal property, and as to certain funds coming
    into the hands of the executor the testator died intestate, and such funds
    should be distributed among his heirs at law according to the canons of
    descent.

APPEAL by respondents, Minnie Bunch Hill, widow of W. H. Hill,
and executors of W. H. Hill, from *Small, J.,* at April Term, 1933, of
GATES. Affirmed.

The will in controversy to be construed, is as follows:

"16 December, 1925.
North Carolina—Gates County.

I, William Holmes Hill, being of sound health and good mind do
hereby make and declare this to be my last will and testament.

Item 1. I hereby give and bequeath to my wife Minnie Bunch Hill,
the Walter Hinton place on which I now live, for her natural life, at
her death it shall go to my sons W. P. Hill and Waverly H. Hill, in
fee simple, both sharing equal parts.

Item 2. I hereby give and bequeath to my two sons W. P. Hill and
Waverly H. Hill in fee simple the place that I now own known as my
old home place, the same being across the road from the Hinton place.
Both sharing equal parts.

Item 3. I hereby give and bequeath to each of my children as fol-
lows: W. P. Hill, P. H. Hill, Herman Hill, Tucker L. Hill, Simon J.
Hill, Clyde F. Hill, Ellen Hill Pierce, Hattie V. Hill and Waverly H.
Hill, Ethel Hill and Maywood Hill, the children of Clabourne Hill,
the sum of five dollars each.

Item 4. I hereby give and bequeath to Maywood Hill and Ethel
Hill, children of Clabourne Hill one note of eleven hundred and fifty
dollars, that I now hold.

Item 5. All my chattel property shall be sold at public sale and
after paying all debts, including burial expenses, and the proceeds from
which I do hereby and bequeath to my wife, Minnie Bunch Hill.

Item 6. The burial grounds on my home place, on which my former wives are buried, and where I wish to be buried, is hereby exempt from the above, with right of ingress and egress.

Item 7. I hereby appoint Charles M. Earley and William T. Cross to act as administrators on my estate.

Witness my hand and seal this 16 December, 1925.

       Witness: S. P. Cross.

       Witness: E. L. Riddick.

       Witness: N. J. Riddick."

The court below rendered the following judgment:

"This cause coming on to be heard, on this, 12 April, 1933, before his Honor, W. L. Small, at Edenton, N. C., upon appeal of L. Tucker Hill and others, children, or the representatives of deceased children, of said W. H. Hill, deceased, from an order of the clerk of Superior Court of Gates County, directing the distribution of certain proceeds of the estate of said W. H. Hill, deceased, now in the hands of his executors, as shown by their final account; and all parties being before the court and consenting to the hearing at such time and place; and the cause having been heard upon a 'statement of agreed facts' upon which, and in accordance with which, it was further consented by all parties that judgment should be pronounced;

And it appearing to the court that, since the execution of the will of W. H. Hill, deceased, Ellen Hill Pierce has died, leaving her surviving as her sole distributees, two children, viz.: Earl Pierce and Maywood Pierce;

Now, therefore, it is ordered, adjudged and decreed that Ethel Hill, Maywood Hill, P. H. Hill, H. R. Hill, L. Tucker Hill, Earl Hill, Maywood Pierce, W. P. Hill, Samuel J. Hill, Clyde F. Hill, Hattie V. Walters (formerly Hattie V. Hill), and Waverly H. Hill recover of W. T. Cross and C. M. Earley, executors of W. H. Hill, deceased, the sum of $55.00, which said sum said executors shall forthwith pay to them singly as follows, to wit: to Ethel Hill, Maywood Hill, P. H. Hill, H. R. Hill, Samuel J. Hill, Clyde F. Hill, Hattie V. Walters and Waverly Hill, the sum of $5.00 each; and to Earl Pierce and Maywood Pierce the sum of $2.50 each. It is further ordered, adjudged and decreed that said Ethel Hill, Maywood Hill, P. H. Hill, H. R. Hill, L. Tucker Hill, Earl Pierce, Maywood Pierce, W. P. Hill, Samuel J. Hill, Clyde F. Hill, Hattie V. Walters (formerly Hattie V. Hill), and Waverly H. Hill, recover of said executors the further sum of $2,024.90, which said executors shall pay to them singly as follows, to wit: to P. H. Hill, H. R. Hill, L. Tucker Hill, W. P. Hill, Samuel J. Hill, Clyde F. Hill, Hattie V. Walters and Waverly H. Hill, one-tenth each of said amount, that is to say one-tenth each of $2,024.90; and to

Ethel Hill, Maywood Hill, Earl Pierce and Maywood Pierce one-twentieth each of said amount.

It is further ordered, decreed and adjudged that Minnie Bunch Hill recover of said executors the sum of $1,521.25, which said executors shall forthwith pay over to her.

It is further ordered, that L. Tucker Hill and others, movants in this proceeding, recover their costs thereof, to be taxed by the clerk.

(Signed.)    WALTER L. SMALL, *Judge Presiding."*

To the foregoing judgment, the respondent, Minnie Bunch Hill and the executors of W. H. Hill, excepted, assigned error and appeal to the Supreme Court.

*John H. Hall for respondents, appellants.*
*A. P. Godwin and McMullan & McMullan for appellees.*

CLARKSON, J. The question presented: Did certain funds which came into the hands of the executors of W. H. Hill pass under his will to his widow, Minnie Bunch Hill, one of the appellants, or did the said W. H. Hill die intestate with reference thereto? We think the said W. H. Hill died intestate as to the funds in controversy.

The determination of the controversy depends upon the construction to be given the will of W. H. Hill, deceased, and particularly to Item 5 thereof, which is as follows: "All my *chattel* property shall be sold at public sale and after paying all debts, including burial expenses, *and the proceeds from which* I do hereby and bequeath to my wife, Minnie Bunch Hill."

There are certain well recognized rules of construction of wills. "It is an established rule of law that the presumption is, when a party makes a will that he disposes of his entire estate, and so intends. . . . The question is not what the testator intended to express, but what he actually expressed in his will, when all its provisions are considered and construed in their entirety. . . . Usually there is a residuary clause in a will which generally deals with all property not before disposed of in the will." *Kidder v. Bailey,* 187 N. C., 505, 507. In the will in the instant case there is no residuary clause.

In the present case, Item 5 deals with the proceeds arising from the sale of certain designated kind of property—chattel. What is the meaning of chattel?—"An article of personal property . . . movables which are called 'chattels personal.' " Black's Law Dictionary, 2d ed., p. 194.

We think in the instant case "chattel property" would indicate that the testator by the use of the words meant movables, which is the generally accepted meaning of chattels. We think the language in the will

in the present case is distinguishable from that in *Hogan v. Hogan,* 63 N. C., 222, and *Harkness v. Harkey,* 91 N. C., 195, chiefly relied on by appellants.

In the *Hogan case, supra,* there was a residuary clause. After several specific bequests, there is the following: "And should there be anything at my death undivided, it is my wish that it be sold and equally divided among my four sons, after paying my funeral expenses and all just debts."

In the *Harkness case, supra,* there was a residuary clause "that the remainder of my property be sold and equally divided," etc. In these two cases it is clear that the testator did not intend to die intestate as to anything. The language in these cases is broad and comprehensive in its meaning, and no purpose to use same in a restricted sense, as in the instant case. For the reasons given, the judgment of the court below is

Affirmed.