Tatlor, Chief-Justice,
 

 delivered the opinion of the Court:
 

 The substance of the bequests contained in this will, is, that all the testator’s personal property should he divided amongst his wife and daughters, when the youngest of the latter attained the age of twenty-one years. But in the mean time, he gives all his moveable property to his wife, except his negroes, which he directs his executors to hire out yearly,"and to pay the money arising from their hire to his wife. To give the hire of the ne-groes to his wife, till that period, is to give her all the beneficial interest in them, and will warrant the same construction upon the whole will, as if the exception had not been introduced.- In principle, then, the case cannot be distinguished from the case of
 
 Conlet
 
 v. Palmer, (2
 
 Eq. Ca. Ab. pla.
 
 27,) where J. S. bequeathed his personal estate to his wife for life, and gave several particular legacies after her death, and then declared that tiio residue, at her decease and after the legacies paid, should be divided among his relations, A, B, C, and E. A. and B. died in the lifetime of the wife, and after her decease, the administrators of A. and B. had a decree for their shares $ for, by the Chancellor, ís The time of payment is future, but the right to the legacies vested upon the death of the testator.” The general rule resorted to in cases of legacies charged upon personalty, is, that if
 
 *142
 
 tiic legatee die before the day of payment, his represen» tatives become entitled to the legacy, unless the will shews a manifest intention to the contrary: and the Court proceed upon an establishes distinction between a gift of a legacy to a man, at, or if, or when, he attains the age of twenty-one, and a legacy payable to a man, at, or when, he attains the age of twenty-one. In the first case, the attaining twenty-one is held lo be as much, applicable to the substance, as to the payment of the legacy, and therefore the legacy lapses fay ,the death of the legatee before the time. In tiie last case, the attaining twenty-one refers not to the substance, but to the payment only, of the legacy, which therefore does not lapse by the death of the legatee before the time. In this case, the division of the property amongst the wife and children is not annexed to the substance of the legacy, but to the period of the youngest daughter attaining the age of twenty-one years. This prescribes the time of enjoyment, but the right vested immediately upon the testator’s death. ’ The intermediate interest is given to the wife, doubtless with a view to the benefit of the children, as well as
 
 herself;
 
 and it has been held that where the intermediate interest is given, either to a stranger or to the legatee himself, such a case forms an exception to the distinction which has been stated j because it explains the reason why the time of payment or division, as in this case, was. postponed, and is perfectly consistent with an intention in the testator, that the'legacy should immediately vest. The consequence of a different construction would be, that if any of the daughters died leaving children, before the youngest daughter came of age, those children would be wholly unprovided for j which certainly was not the intention of the testator..