Pearson, J.
 

 The effect of the deed was to vest the title of the property, specifically mentioned, in Cicero Hinkle; for, although Mrs. Benick did not then have the title, yet, when she afterwards acquired it, under the will of her father, the deed took effect so as to pass the title of the property by way of estoppel. In respect to this property there is no controversy, the executor having assented. In respect to the amount to which Mrs. Benick is entitled, under the residuary clause of her father’s will, the effect of the deed was to constitute a covenant by which Benick agrees to surrender his marital rights, and to permit his wife to acquire property, and to hold it for her own separate use in the same manner as if she was a feme sole. In regard to these future acquisitions, Ilinkle is not interposed as trustee, but the matter is put on the footing of an executory agreement, to be enforced at the instance of the wife.
 

 It follows that Ilinkle was not a necessary party. The motion to dismiss is disallowed, and there will be a decree in favor of the plaintiffs, for the amount reported. The defendant will pay plaintiffs’ costs. It is usual to direct the costs to be paid out of the fund, in suits against executors and administrators, for the settlement of the estate and the payment of legacies; but in this case, the fund is small, and it would-be
 
 *316
 
 unreasonable to allow the defendant to consume it by relying on an objection which turns out not to be. tenable. lie ought to have settled and paid over Mrs. Benick’s portion of the residue, without suit, leaving it to her to move in the matter respecting the appointment of a trustee to carry out the provisions of the marriage agreement.
 

 Pee CueiaM, Decree accordingly.