Battle, J.
 

 We cannot perceive any? reason to doubt that the testaror’s sons, Peter and Gabriel, took vested interests in the proceeds of the slaves, Nathan and Jerry, who were directed to be sold when the testator’s youngest son should arrive at full age. There is nothing like an expression of contingency annexed to the gift, and it comes, therefore, within the ordinary rule of a legacy given
 
 in presentí, solvendum in futuro.
 
 Upon the deaths, respectively, of these legatees intestate, their shares devolved upon their personal representatives, to be by them distributed after the payment of debts, &c., among thp next of kin of their respective intestates.
 

 The question, then, remains, whether the share to which the defendants are entitled, in right of the feme defendant, as one of the next of kin of the intestate can be sequestered, or in any way7 be made to stand as a security for the slave, Piney, which they sold to a person who carried her oiit of the State to parts unknown — whereby the plaintiffs are likely to
 
 *256
 
 lose the contingent interest which they had in her, under the limitations in the will of the testator. We are cleaily of opinion that this cannot be done. The plaintiffs had an undoubted right, upon a timely application to the court of equity, to have its aid in protecting' whatever interest they had in the said slave.
 
 Brown
 
 v.
 
 Wilson,
 
 6 Ired. Eq. 558;
 
 Braswell
 
 v. Morehead, Busbee’s Eq. 26. The remedy would' have been a writ to sequester the slave until proper security was given that she should not be carried beyond the jurisdiction of the court. If the slave be carried off without objection, we know of no principle which would authorise a person having but a Contingent interest in her to sequester other property of the owner of the life estate to make it answerable to the contingent remainderman in the event of his contingent interest ever becoming a vested one. In the present case, the defendants do not claim the proceeds of the slaves, Nathan and Jerry, from the executor under the will of the testator, but their claim is for distributive shares from the intestate brothers of the feme defendant. It is true that the estates of the brothers are derived under their father’s will, but we cannot think that makes any difference. The shares which the defendants claim, have no connection with the slaves which were given to the féme defendant by her father’s
 
 will;
 
 and the plaintiffs have no more right to sequester them, than they would have to take, in that way, any other property belonging to them. As, in our opinion, the plaintiffs cannot do the latter, they cannot resort to the former.
 

 It must be declared that the interests which the testator’s children took in the proceeds of the slaves, Nathan and Jerry, were vested, and upon the death of his sons, Peter and Gabriel, their shares devolved upon their respective administrators, and that the defendants are entitled to have paid to them whatever may be the share of the feme defendant as one of the next of kin of her deceased brothers*
 

 Per Curiam, Decree accordin gly.