PbaesoN, C. J.
 

 A bequest to A, “if” or “provided” or “when” he arrives at age or marries, standing alone, does not vest, unless the condition is performed, and will not devolve upon his personal representatives should he die before arriving at age or marriage. The words-“if” and “provi
 
 *225
 
 ded,” import an absolute condition, but “when” is not so stubborn, and will yield to an intention, if it can be reasonably inferred from other parts of the will, not to annex the condition to the
 
 gift,
 
 but onty to the
 
 possession
 
 and
 
 enjoyment;
 
 as, when the suspension of the enjoyment may be accounted for by special circumstances and reasons, not applicable to a suspension of the gift, showing that the
 
 only
 
 purpose' was to suspend the enjoyment, and that the word “ when,” if not thus restricted, would carry the suspension beyond what the testator meant.
 

 This principle-,of construction has been acted on in many cases;
 
 Perry
 
 v. Rhodes, 2 Murph Rep. 141: A bequest of all the testator’s personal property, to be divided among his wife and daughters,
 
 phm
 
 the youngest daughter attained the age of twenty-one, but, in the main time, he gives-all his personal property to his wife, except the negroes which he directs his executors to hire out and pay the hire to his wife yearly, —hold, that the legacy was vested, and that the share of a daughter who died before the youngest arrived at age, devolved upon her administrator. For the intention to postpone applies only to the time of enjoyment, and the right vested immediately. “The intermediate interest is given to the wife, doubtless with a view to the benefit of the children, as well-as herself,- and it has been held that, when the intermediate interest is given, either to a stranger or to the legatee himself, such case forms as exception; because it explains the reason why the time of payment or division was postponed, and is perfectly consistent with an intention in the testator that the legacy should immediately vest.”
 

 This exception is stated by Smith in his very learned “Original view of Executory Interests,” and many cases are'cited to illustrate aud support it: “At page 157, “ when the testator gives the whole of the intermediate income of real estate, or of personal estate, to the person to whom ho devises or bequeaths such estate,
 
 on
 
 the attainment of a certain age, but the attainment of that age does not form a part of the original description of the devisee or legatee, the interest is vested
 
 *226
 
 in right, before that age, even though there is no prior dis* tinct gift — no express gift, except at that age, it being considered that the testator merely intended to keep the devisee or legatee out of the possession or enjoyment, until he should have become better qualified to manage, or more likely to take due care of the property.” Among other cases he cites
 
 Hanson
 
 v.
 
 Graham,
 
 6 Ves. 239: “A testator gave his three grand-children £500 stock apiece, when they should respectively attain their ages of twenty-one or marry, and he directed that the interest should be laid out for the benefit of his grand-children until twenty-one or marriage; one of them died at the age of nine; Sir WilliaM GbaNT, M. R., held that she took an entire interest; for, from the circumstances and expressions, it might be collected that the word “when” was used not as a condition, but merely to postpone the enjoyment — the possession in the mean time being disposed of another way ; and it was evident that only the payment was postponed for a particular purpose, namely, in order that the legatee might not have the possession and management until she had use for it by marriage or arrival at full age. At page 164: “Where there is, in terms, no devise or bequest except on the attainment of a certain age, and the postponement seems merely to arise from the circumstances of the estate, or appears to be for the accomplishment of some special purpose, unconnected with the property or ownership, as for the purpose of paying debts out of the intermediate income, or for the benefit or convenience of some other person, to whom the income, or a particular interest, is given in the meantime; in such case, it is held that there is a suspension of the possession or enjoyment onljr, and not of the property or ownership, and the interest is vested.” He cites, among many other cases, Ma
 
 nfield
 
 v. Dugard, 1 Eq. Cas. Ab. 195;
 
 Goodright d. Reville
 
 v.
 
 Parker,
 
 1 Maule and Sel. 692: A testator devised lease-hold houses to J. T. S. for his own use and benefit
 
 on his attaining Pwmty-one,
 
 and in the mean time to trustees to receive the rents, pay certain charges, and pay for the mainteu-
 
 *227
 
 slice of J. T. S. during his minority; «T. T. S. died before twenty -one}
 
 field,
 
 that ke took a vested interest.
 

 The exception is settled; it remains to make the'•application to this case. In our opinion, the will presents not only one, but many circumstances which bring the legacy to Mary within the exception, by showing, clearly, that it was the intention ■of the testator merely to postpone her possession and enjoy'ment until she married, or arrived at age, and would need, ■and be capable of managing the slaves and other property, and not to postpone the ownership or right of property.
 

 1. Some of his children were of age. To these he gives vested legacies. Martha and Mary were infants. lie intended them to live with their mother, to whom he gives the home-place and other property “ necessary for her support and the support of these two children until they marry or arrive at lawful age.” This accounts for his intention to postpone the possession and enjoyment of the property which he intended for them; but to carry the postponement further and make it apply to the ownership, so as to prevent the legacies from being vested, would be a discrimination to their prejudice and contradict the whole scope of the will,
 

 2. “The use and enjoyment of all and singular the balance •of the estate,, not hereinbefore given away,” is gi-ven to the wife for life. This includes the particular interest'in the slaves set apart for Martha and Mary, created by the postponement of their possession and enjoyment until full age or marriage; showing that one purpose for making the suspension was to give his wife the benefit of the services or hires of the slaves during the time she was charged with the support of the two ■daughters. This has no hearing on the suspension of the ownership, and brings the case directly within the exception stated •above, by showing that it was no part of his .purpose not to allow the legacies to be vested like the others.
 

 3. At the death of the wife, the residue is given to some of the children, including Martha and Mary. This is vested. Why should he give a vested interest in the residuary clause, if he had not intended them to have a vested interest in the
 
 *228
 
 property which is specifically set apart for them ? See to what it leads: As Mary died under age. if the specific legacy to lier is not vested, the slaves set apart for her, either fall into the residuum and her administrator becomes entitled, to a seventh part thereof, or are undisposed of, and her administrator becomes entitled to a ninth part — representing her as one of the next of kin, and so her personal representative takes a part of the property which the testator did not intend that she should have, unless she arrived at age or married!!
 
 —re-ducido in absurdum.
 

 4. At.the death of the wife, the residue is given to some of the children, including Martha and Mary. Suppose the wife had died before either arrived at age or married, then,if their legacies are not vested, so as to give them the ownership of the slaves set apart for them, the slaves would fall into the residuum, and be divided off among the seven residuary legatees, or else would be considered as undisposed of, and be divided off among the nine children as next of kin. Martha marries and arrives at age; the division must be upset so as to let her take back the slaves Eanny, Hilly, Jeremiah, and their increase, to whom she has now become entitled by performing the condition, and provision must also be made by an abatement of what had been distributed under, the residuary clause to provide for her. “ one horse, saddle and bridle, two cows and calves and two sows and pigs!!! Then, supposing that Mary had arrived at age or married, the whole matter must be again upset in order to give her the slaves Prissy, Eenner, Asbury, and their increase, and the horse, &c., and the sows and pigs ”!!!
 

 So that the construction by which the legacy to Mary is considered vested, is necessary to carry out the intention of the testator, and the Court is driven to it, in this case, in order to avoid palpable absurdities.
 

 The decree will declare the opinion of the Court to be that •Mary took a vested interest in the legacy given to her, which devolved upon her administrator.
 

 Pee. Curiam, Decree accordingly.