### HOOKER v. BRYAN.

(Filed February 27, 1906).

*Wills—Vested Interest—"Upon" and "When"—Remainders.*

1.  Where a testator in item 5 of his will gives his real estate to his nephew upon his becoming 21 and lends the same to his sister until his nephew is 21; and in item 6 he lends to his sister certain personal property in trust for his nephew until he becomes 21, and in item 7 he gives to his nephew said personal property, *held*, that where the nephew died after the death of the testator and before becoming 21, the court correctly adjudged that the heirs at law of said nephew were the owners of the real estate and his personal representatives the owners of the personal property.

2.  Where an estate or interest is bequeathed or devised to one upon his becoming 21 years of age, or when he becomes 21, and in the meantime the property is given to a parent, guardian or trustee for the legatee's benefit, in such case the interest will vest at the death of the testator.

3.  *Semble:* That in a case like the present, on the death of the remainderman, the previous disposition of the interest terminates, and the heirs at law and next of kin of the remainderman have a right to the immediate enjoyment of the property.

CONTROVERSY without action by Ella B. Hooker and others against Elizabeth Bryan and others, heard by *Judge G. W. Ward,* in the Superior Court of BEAUFORT.

The pertinent facts presented by the record are as follows: Caroline Bonner died, having made her last will and testament disposing of certain real and personal property, and the parties, plaintiff and defendant, are claimants under said will. The rights of the parties depend upon the following items in said will:

"5. I give the residue of my real estate to my beloved nephew, Roscoe Hooker, upon his becoming 21 years of age, and lend the same to my beloved sister, Ella Bonner, until my nephew, Roscoe Hooker, is 21 years old. 6. I lend to my beloved sister, Ella Bonner, the mule and other personal property upon the farm in trust for Roscoe Hooker until he becomes 21 years old. 7. I give to my beloved nephew, Roscoe Hooker, the mule and any other personal property that may be upon the farm."

Roscoe Hooker, the nephew, died after the death of Caroline Bonner and before becoming 21 years of age, and the plaintiffs are the heirs at law and personal representatives of said Roscoe Hooker. The defendants are the heirs at law and personal representatives of Caroline Bonner, the testatrix, including Ella Hooker, who is one of the heirs at law and next of kin of Caroline Bonner, and is also the Ella Bonner mentioned in the items of said will.

On these facts the question submitted was as to the ownership of the real property in item 5 and of the personal property mentioned in items 6 and 7 of the will, and thereupon the court adjudged that the plaintiffs, the heirs at law of Roscoe Hooker, are the owners of the real property in item 5, and the personal representatives of said Hooker are the owners of the personal property in items 6 and 7, from which judgment the defendants excepted and appealed.

*W. C. Rodman* for the plaintiffs.
*Ward & Grimes* for the defendants.

HOKE, J., after stating the case: The words "on or upon" when affecting the quality of an estate in reference to the time of its vesting or enjoyment are substantially synonymous with "when." *Adams v. Williams,* 2 Watts & S., 227; *Wormath v. McCormick,* 51 Pa. St., 504. In bequests of personal property these words usually import a condition, and, unless explained or controlled by some expressions or other provisions of the will, they are annexed as conditions precedent to the substance of the gift and render the interest contingent. This has been the doctrine in the English courts since the case of *Hansom v. Graham,* 6 Vesey, 239, and is well established here. *Giles v. Franks,* 17 N. C., 521; *De Vane v. Larkins,* 56 N. C., 377. While several modern text writers of approved excellence and many decisions seem to give these words the same significance, in reference to devises of real and bequests of personal property, the older authorities hold that in respect to realty "when and upon" import usually a condition subsequent determinative of the estate according to the terms of the condition, and that in the meantime the estate would vest. Lewis Blk., 513, note 144; Roper on Legacies, vol. 2, p. 386.

The distinction has no practical bearing on the case before us and it is therefore not desirable to dwell upon it, nor is it necessary to determine if the same now exists, for all of the authorities are agreed that both as to real and personal property "when and upon" may be so explained and controlled by other expressions and provisions of the will, that they do not import a condition at all, but simply refer to the time of enjoyment, and that the interest conferred will vest at the testator's death to be possessed and enjoyed at the time indicated. In 1 Roper on Legacies, 386, the doctrine is thus expressed: "But all these and similar words may be so explained and controlled by the context of the will as not to prevent the legacies from vesting before the happening of the events upon which they are payable. In such instances, the intention of

the testator's will predominates over technical words and expressions, when it is declared and appears from a sound rational construction of the will." And the decisions in this and other jurisdictions support this doctrine. *Guyther v. Taylor,* 38 N. C., 323; *Fuller v. Fuller,* 58 N. C., 223; *Sutton v. West,* 77 N. C., 429.

In pursuance of the principle above stated, the decisions have established that where an estate is bequeathed or devised to one upon his becoming 21 years of age or when he becomes 21, and in the meantime the property is given to a parent, guardian or trustee for the legatee's benefit, in such case the interest will vest at the death of the testator. Roper, *supra,* 387; *Green v. Green,* 86 N. C., 547. "For," says Mr. Roper, "since the whole interest in the fund is given in one way or the other to or for the benefit of the legatee, it could not be the testator's intention to make it contingent whether the legatee should have the absolute interest. That interest is split into two parts. Till one period, it is given to the guardian or trustee, and at the other, it is given to the legatee. The reason why it was not given sooner to the legatee was from regard to his convenience, because under age. Hence, it is apparent that the words were annexed only to the payment and not to the gift." And so, when the property is given beneficially to a stranger, the same result follows. "For," says the same author, p. 392, "in such case the person to whom the absolute property is limited will take an immediate vested interest in the subject, since such bequests are in the nature of remainders, the rule as to which is that the interest of the first and subsequent takers vest together. It is clear that the testator intended to give immediately the capital to the person in remainder, postponing the enjoyment only till the arrival at a particular age." 2 Underhill on Wills, sec. 896; *Fuller v. Fuller* and *Guyther v. Taylor, supra; Perry v. Rhodes,* 6 N. C., 142; *Room v. Phillips,* 24 N. Y., 465. In *Perry v. Rhodes,* it is said: "And it has been held that where

the immediate interest is given either to a stranger or the legatee himself, such a case proves an exception because it explains the reason why the time of payment was postponed and is perfectly consistent with an intention in the testator that the legacy should immediately vest." And in *Guyther v. Taylor,* it is said: "To these considerations is to be added another important one, which is that the testator disposes of the negroes until the period at which they are to be divided, consequently the whole subject, the *corpus,* is given away for different purposes, so that the interests given to the children are in the nature of remainders, and the term thus, though generally a word of condition, makes in this case only the commencement of the remainder."

Applying these principles to the case at bar, they are decisive in favor of the ruling of the lower court.

As to the personal property, the entire intervening interest is given to a trustee for Roscoe Hooker until he becomes 21 years of age, and then to him absolutely; and to the real estate, the intervening interest is given to Ella Bonner until, etc.

Transposing the words in item 5 of the will the reading of the same would be, "I lend my real estate to Ella Bonner until my nephew, Roscoe Bonner, is 21 years of age, and upon his becoming 21 years of age the property is devised to him," and constitutes a vested remainder.

In Words and Phrases, Judicially Defined, vol. 8, p. 7493, the principle is stated as follows: "When used as a devise of a remainder limited upon a particular estate and terminable on an event which may necessarily happen, 'when' will be construed to relate merely to the time of enjoyment of the estate and not to the time of vesting"—citing numerous authorities.

The facts stated in the case agreed do not disclose whether the period has arrived when Roscoe Hooker would have attained the age of 21, had he lived; but the authorities seem

to hold that in a case like the present, on the death of the remainderman, the previous disposition of the interest terminates, and the heirs at law and next of kin of the remainderman have a right to the immediate enjoyment of the property. 1 Fearne on Remainders, 244; *Mansfield v. Duggard*, 1 Eq. Abridged Cases 195, cited with approval in *Johnson v. Baker*, 7 N. C., 318. There is no error and the judgment of the court below is affirmed.

Affirmed.

BROWN, J., did not sit on the hearing of this appeal.