RICHARD J. REYNOLDS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 94108. Promulgated January 10, 1940.

*J. G. Korner, Jr., Esq.,* for the petitioner.
*Rollin H. Transue, Esq.,* for the respondent.

#### OPINION.

STERNHAGEN: The Commissioner determined a deficiency of $33,-878.61 in petitioner's income tax for 1934, resulting from the use of a lower basis than that used by petitioner in computing the capital gain derived from the sale of securities. The case is submitted under Rule 30 upon a written stipulation.

Petitioner's father died July 19, 1918, and by his will two-thirds of the residue of his estate was left in trust. The trustee was directed to pay the widow enough of the income to maintain the children until each became twenty-one, then to pay each child $5,000 or more a year until he became twenty-eight, "when each of them shall become entitled to and shall respectively receive * * * a share of the corpus, together with the accumulated income." Provision was made for distribution in case a child should die before becoming twenty-eight.

The trustee received the trust assets from the estate in 1926 and distributed the proper share of them, including securities, to petitioner on April 4, 1934, when he became twenty-eight. Some of the securities so distributed had been received by the trustee from the decedent's estate and others had been acquired by the trustee in intermediate transactions. Petitioner sold some of the securities during the year at a profit. In computing gain, he used as basis the value on April 4, 1934, when he received them from the trustee. The Commissioner, however, used as basis the lower value of the securities at the time of the father's death in the case of those then held by the father, and their cost to the trustee in the case of those which it had acquired thereafter. The decision turns upon the Revenue Act of 1934, section 113 (a) (5): "If the property was acquired by bequest * * * the basis should be the fair market value of such property at the time of such acquisition."

The petitioner did no doubt receive the very securities only when they were distributed to him in 1934. The question is whether time

of such receipt is what the statute means as the "time of acquisition." That question must be decided primarily with regard for the fulfillment of the purpose of the statute and not only with regard for the generally accepted meaning of the particular phrase. This was the reasoning of *Brewster* v. *Gage*, 280 U. S. 327. In point of fact the direct legatee in that case did not receive the bequeathed property before the distribution of the decedent's estate, but the Court held that nevertheless the statutory time of acquisition was the date of decedent's death.

The intendment of the statute requires the same construction here. The intervention of the fiduciary administering the trust involves quite the same difficulties under this very statutory subsection as did the intervention of the fiduciary administering the decedent's estate. As to both, the dominant legislative purpose was to prescribe a basis which would result in taxing the increment in value of the property upon the occasion of its realization. It is plain that such purpose which was promoted only by judicial construction in *Brewster* v. *Gage, supra,* as to bequests delayed by administration and distribution of the estate, would be defeated as to bequests delayed by intervening trusts if the same reasoning were not applied. *Elizabeth G. Augustus,* 40 B. T. A. 1201.

Petitioner argues that the phrase "time of acquisition" must be construed with regard to whether the interest bestowed upon him by the will was a vested or contingent interest; that if a contingent interest it may not be regarded as acquisition of the property, and that by North Carolina law (*Reynolds* v. *Reynolds,* 208 N. C. 578; 182 S. E. 341) his interest was a contingent interest until he received the securities by distribution. The argument must be rejected because the proper application of the statute is not dependent upon whether the interest created in petitioner by the trust was but a contingent interest. *Elizabeth G. Augustus, supra; Richard Archbold,* 40 B. T. A. 1238. Even if it was contingent, the intendment of the statute was that the securities actually received when distributed are to be regarded as putatively acquired by the beneficiary when the testator died, if their identity has been preserved, or when the trustee acquired them by purchase or exchange if the original securities have been disposed of in such an intermediate transaction. The basis of the beneficiary is, therefore, the value at the date of the testator's death as to the securities left by the testator and received by the petitioner, and the basis of the trustee as to the securities acquired by the trustee by purchase or exchange.

Reviewed by the Board.

*Decision will be entered for the respondent.*

VAN FOSSAN dissents.

Disney, concurring: I concur in the result. I think that the estate created by the testator for his children was vested, and that opinion should be placed upon that ground. The will recites, under "Item Fourth", that the residue of the testator's estate should be divided one-third to his wife "and two-thirds (⅔) thereof to my children and the living issue of any deceased child, per stirpes, to be equally divided among them, share and share alike." It is true that it is subject to a trust, but the statement of the trust itself refers to "my children's shares in my entire estate"; also refers to "the trust estate herein created for their benefit"; and "the trust estate herein created for the benefit of my children." Later, we find the expression, referring to the children, "out of their respective shares"; also "said trustee will pay to each of my said children, out of his or her share of my estate, and provided he or she shall have arrived at the age of twenty-one (21) years, Fifty Thousand Dollars ($50,000) per annum." Particularly, however, and immediately following the language last quoted, I note the language "and is directed to accumulate all the balance of said income for his or her respective use and benefit *until he or she shall respectively attain the age of twenty-eight (28) years, when each of them shall become entitled to and shall respectively receive from said Trustee his or her share of the corpus* of my estate, together with the accumulated income aforesaid." In my opinion, this language, taken together with the other expressions above quoted, must be construed as a statement as to when the devise, vested at the time of death, should be payable. Such an estate is vested and not contingent. Inasmuch as this matter arose in the State of North Carolina and inasmuch as the majority opinion recites petitioner as relying in part upon the fact of a decision by the Supreme Court of that state in *Reynolds* v. *Reynolds*, 208 N. C. 578; 182 S. E. 341, as a determinative ruling, I note the opinion of that court in *Hooker* v. *Bryan*, 140 N. C. 402; 53 S. E. 130, holding as follows:

Testatrix devised the residue of her real estate to H. "upon his becoming 21 years of age," and lent the same to her sister until such event. She also lent to such sister her personal property, in trust for H. until he became 21 years of age. *Held*, that the clause "upon his becoming 21 years of age" should be construed merely to postpone the enjoyment of the estate, which was a remainder vesting in H. from the date of testatrix's death.

In *Vanderwarker's Estate*, 81 Minn. 197; 83 N. W. 538, a legacy was provided in terms not dissimilar to those involved herein: Five thousand dollars was given, devised and bequeathed to executors in trust, for a grandchild of testator, to be loaned, the interest added to principal until the granddaughter arrived at the age of 21 years, at which time all interest should be paid to her, and the interest thereafter likewise paid to her "until she arrives at the age of thirty

years, when I direct my said executors to pay to my said grand-daughter. * * * the said five thousand dollars." Held, the granddaughter had a vested estate, which descended upon her death before receipt, to her heirs.