### WILLIAM C. MORRELL v. BUILDING MANAGEMENT, INC., AND EASTERN MOTORS, INC.

(Filed 15 December, 1954.)

**1. Wills § 33c—**

A devise of property to a trustee for the benefit of testator's two sons for a period of ten years with direction that at the expiration of the ten-year period the property should go to the two sons "or to their heirs" in fee simple, *is held* to vest title in the two sons immediately upon the death of testator with the right of full enjoyment postponed until the termination of the trust, and therefore, each son became seized of a vested and transmittible estate in fee simple to a one-half interest in the *locus in quo*. Upon death of one of the sons during the trust period, his children take no interest in the property under the will.

**2. Wills § 46: Estoppel § 2—**

Even if the owner of a vested fee simple title cannot convey a valid and marketable title thereto during the life of a trust, his deed executed prior

to the termination of the trust will estop him and those claiming through him by deed, will, or inheritance, and his after-acquired title will "feed the estoppel" and vest the title thus acquired in his grantee.

APPEAL by plaintiff from *Martin, Special J.*, March Term 1954, NEW HANOVER. Modified and affirmed.

Civil action to recover a one-half undivided interest in and to the real property described in the complaint or for judgment decreeing that plaintiff is the owner of a one-half undivided interest in said property, and for an accounting for the rents and profits derived therefrom.

Felix J. Meeks, Sr., died testate 21 December 1941. At the time of his death he was seized and possessed of the land in controversy. In his will he devised said property (215 and 217 North Third Street, Wilmington, N. C.) in trust to one Demasco S. Carr for the use and benefit of his two sons, Felix J. Meeks, Jr., and William R. Meeks. The trustee was directed to rent said property and pay the net income derived therefrom monthly to his said sons.

The section of his will creating the trust, directing the trustee in respect to the execution thereof, and providing for its termination and the distribution of the *corpus* of the estate contains the provision now at issue, which is as follows:

". . . It is my wish and desire, and I so direct, that the aforesaid trust shall run for a period of ten years from the date of my death, and at the expiration of said ten year period, the property herein mentioned shall go to my two sons, Felix J. Meeks, Jr., and William R. Meeks, or their heirs, in fee simple, share and share alike."

On 4 January 1946, within the ten-year period fixed for the continuance of the trust, William R. Meeks executed and delivered to Broadfoot Iron Works a deed sufficient in form to convey a one-half undivided interest in and to the *locus,* reserving unto himself, however, the income therefrom during the ten-year period of the trust; and Broadfoot Iron Works thereafter conveyed said one-half undivided interest to the defendant Building Management, Inc. On 6 March 1946, Felix J. Meeks, Jr., and wife conveyed the other one-half undivided interest to Broadfoot Iron Works, and on 16 July 1949, Broadfoot Iron Works conveyed the *locus* to defendant Building Management, Inc.

William R. Meeks died intestate 6 May 1947, within less than ten years after the death of the testator and prior to the termination of the trust. He left surviving one son, the plaintiff herein, as his sole heir at law. The son's name was changed from William R. Meeks to William C. Morrell by order of the Circuit Court of Jackson County, Missouri, at Kansas City. He claims a one-half interest in the *locus in quo* as a devisee under the terms of the will.

When the cause was called for trial in the court below the parties waived trial by jury and agreed that the judge presiding should hear the evidence, "make the findings of fact, conclusions of law and render judgment thereon." Thereupon, after hearing the evidence and argument of counsel, the court found the facts, and, upon the facts found and the stipulations entered into by the parties, concluded that upon the death of the testator his two sons named in his will "became seized of a vested and transmittible estate in fee simple in remainder to a one-half undivided interest in the *locus in quo,* the complete enjoyment of possession of which was postponed until the termination of the trust estate, there being no condition precedent which prevented the immediate vesting of the estate in remainder upon the death of Felix J. Meeks, Sr." It thereupon entered judgment that the defendant Building Management, Inc., is vested with a good and indefeasible fee simple title to the property described in the fourth paragraph of the complaint. Plaintiff excepted and appealed.

*Kellum & Humphrey and McClelland & Burney for plaintiff appellant. Hogue & Hogue for appellee Building Management, Inc.*

BARNHILL, C. J. This cause was tried in the court below on the theory that the testator devised to his two sons an estate in remainder—either vested or contingent. The plaintiff contended that whatever estate was devised was contingent, as to each son, upon whether he survived the trust, and that since plaintiff's father died prior to the expiration of the trust, he took nothing under the will; that the words "or their heirs" created another class of devisees who should take the share of a son in the event the son should die prior to the date set for the distribution of the *corpus* of the estate. That is to say, he contended that the roll must be called as of that date to ascertain who are the devisees; that he is the sole heir of William R. Meeks, and that as such he became the owner of one-half of the *corpus* at the expiration of the trust.

On the other hand, the defendants contend that William R. Meeks, immediately upon the death of the testator, was vested with title to one-half of the *corpus* in remainder in fee, subject only to the terms of the trust which merely postponed the enjoyment thereof.

The parties, both in their briefs and oral arguments, pursue the appeal to this Court upon the same assumption.

But the will creates no prior estate, less than a fee, with limitation over to the two sons such as would make the estate devised to them an estate in remainder, either vested or contingent. Hence the law of remainders and future interests has no application here.

"Where an active trust is created for the use and benefit of named beneficiaries, or there is a gift of all or a part of the income therefrom to

the beneficiaries, pending final division, or there is other language in the will evidencing a clear intent that a beneficial interest in the estate shall vest in the parties named immediately upon the death of the testator, with directions to the trustees to divide and deliver the estate at a stated time in the future, the interest vests immediately upon the death of the testator and the date of division merely postpones the complete enjoyment thereof." *Carter v. Kempton,* 233 N.C. 1, 62 S.E. 2d 713. This rule, to be followed in the construction of wills, is now settled law in this jurisdiction. *Williams v. Smith,* 57 N.C. 254; *Fuller v. Fuller,* 58 N.C. 223; *Coddington v. Stone,* 217 N.C. 714, 9 S.E. 2d 420; *Robinson v. Robinson,* 227 N.C. 155, 41 S.E. 2d 282; *McQueen v. Trust Co.,* 234 N.C. 737, 68 S.E. 2d 831; *Jackson v. Langley,* 234 N.C. 243, 66 S.E. 2d 899; *Weill v. Weill,* 212 N.C. 764, 194 S.E. 462; *Priddy & Co. v. Sanderford,* 221 N.C. 422, 20 S.E. 2d 341; *Pridgen v. Tyson,* 234 N.C. 199, 66 S.E. 2d 682; see also 57 A.J. 807; 69 C.J. 595; 2 Simes Future Interests 103.

The will under consideration creates no contingent future interest. The beneficiaries of the trust are named in the will and were persons in being at the time the will took effect and the estate was created. They were, under the terms of the will, to have and receive the income from the property monthly, and upon the termination of the trust, they were to receive their respective shares, freed of the trust provisions. Thus there is no postponement of the vesting of their title to the property. Instead, title thereto vested in them immediately upon the death of the testator. The trust merely served to postpone their right to the full enjoyment of the estate devised until its termination.

Even if we should conclude that in view of the fact the sons were to receive only the income from the estate during the life of the trust, neither son could convey a valid and marketable title to his share of the property during the life of the trust—and we do not so conclude—this would not affect the result. The deed executed by William R. Meeks would operate as an estoppel against him and those claiming by or through him by deed, will, or inheritance.

When a grantor conveys land to which he has no title or a defective title at the time of the conveyance, but who thereafter acquires title to the property, his after-acquired title "feeds the estoppel" and, by operation of law, vests the title thus acquired in the grantee. *Croom v. Cornelius,* 219 N.C. 761, 14 S.E. 2d 799; *Thames v. Goode,* 217 N.C. 639, 9 S.E. 2d 485; *Woody v. Cates,* 213 N.C. 792, 197 S.E. 561; *Bell v. Adams,* 81 N.C. 118; *Benick v. Bowman,* 56 N.C. 314.

The judgment entered in the court below will be modified by striking out the words "in remainder" as used in the court's conclusion of law therein contained so that it will read ". . . that at the death of Felix J. Meeks, Sr., William R. Meeks, Sr. became seized of a vested and trans-

mittible estate in fee simple to a one-half undivided interest in the *locus in quo,* the complete enjoyment of possession of which was postponed until the termination of the trust estate, there being no condition precedent which prevented the immediate vesting of the estate upon the death of Felix J. Meeks, Sr." As so modified said judgment is affirmed.

Modified and affirmed.