GEORGE EDWARDS AND WIFE, MARY J. EDWARDS, v. GEORGE O. ED-
WARDS, YVONNE EDWARDS, DOUGLAS EDWARDS, JAMES F.
EDWARDS, EDITH R. EDWARDS, JO ANN EDWARDS, AND ROBERT
S. EDWARDS, MINORS; AND UNBORN CHILDREN OF GEORGE EDWARDS
AS MAY HEREAFTER BE BORN TO THE DEATH OF GEORGE EDWARDS, AND
ANY CHILD OR CHILDREN OF GEORGE EDWARDS IN ESSE AT THE DEATH
OF GEORGE EDWARDS, APPEARING BY THEIR GUARDIAN AD LITEM, K. A.
PITTMAN.

(Filed 23 March, 1955.)

**Wills § 33g—Will held to devise life estate to children and grandchild with fee in remainder as to share of those dying without issue.**

The will in suit devised the land to testator's widow for life and at her death to be equally divided between testator's children and named grand-child (son of a deceased daughter) for life, and at the death of the children the share of each should go to their children, and if they left no children, then to the survivor or survivors of said children and their issue in fee simple. *Held:* It is apparent that the grandchild should stand upon an equal footing with the children and was included in the word "children" as used in the contingent limitation over, and while the children dying without issue prior to the death of the widow took nothing under the will, the other children and the grandson surviving the widow each took a life estate with remainder to their children, which, upon the death of the remaining children without issue, vested in the surviving grandchild in fee under the will, so that he owns a life estate in his share with remainder to his children, and the fee simple in the balance of the land as remainder-man.

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Frizzelle, Resident Judge,* Fifth Judicial District, at Chambers, GREENE.

This is a civil action brought by the plaintiffs against the defendants—their children—for the purpose of having the court, by declaratory judgment, determine the rights of the parties under the last will and testament of Charles Best. The will follows:

"WILL OF CHARLES BEST

"In the name of God amen

"I, Charles Best, of the County of Greene and State of North Carolina being of Sound mind and memory do make and publish this my last will and testament in manner and form following to wit:

"Item first—I give and bequeathe to my beloved wife Peninnah Best and my two daughters Nettie Martha Best and Jennie Mirrenda Best all of my personal property of every description after the payment of my just debts and funeral expenses.

"Item second I give devise and bequeathe to my beloved wife Peninah Best for and during the term of her natural life all of my real estate and at her death I devise that my land shall be equally divided between all my children and my grandson George Edwards to have and to hold to them during their lives and if any one of them shall die without leaving any child or children then to the others who shall survive that said land shall not be sold by them or either of them nor be subject to their debts and at the death of my said children each ones share shall belong to their children if they leave any and if they leave no children then to the survivor or survivors of my children and their issue in fee simple.

"Item Lastly I make nominate and appoint my beloved wife Penninah Best Executrix to this my last will and testament to execute the same according to the true intent and meaning thereof in every part and clause thereof. In testimony whereof I hereunto set my hand and seal this the 7th day of February 1908.

CHARLES BEST    (Seal)"

It is alleged in the complaint and admitted in the answer that the testator, a resident of Greene County, executed the will on 7 February 1908; that he died on ...... day of February, 1908; that his will was probated in common form before the Clerk Superior Court of Greene County on 20 February, 1908; that all the parties are residents of Greene County, and that the real estate devised in Item 2 of the will is located in that county. It is likewise alleged and admitted that at the time of his death the testator left surviving his widow, Penninah Best; two daughters, Nettie Martha Best and Jennie Mirrenda Best; one son, Ambrose Best; and a grandson, George Edwards, the present plaintiff, who is the only child of a deceased daughter of the testator.

Nettie Martha Best died in the year 1914 without child or children. The widow, Penninah Best, died in the year 1932. Ambrose Best died on the ........ day of July, 1939, without child or children. Jennie Mirrenda Best died on the ........ day of October, 1953, without child or children. George Edwards, one of the plaintiffs, is the sole surviving heir at law of Charles Best, of Nettie Martha Best, of Ambrose Best and Jennie Mirrenda Best.

The defendants are the children of the plaintiffs. All are minors without regular or testamentary guardian. Upon proper application and affidavit, K. A. Pittman was appointed by the Clerk Superior Court of Greene County as *guardian ad litem* for the named defendants and any other child or children of George Edwards *"in esse* at the time of his death." K. A. Pittman accepted the appointment as *guardian ad litem* and filed an answer to the complaint.

EDWARDS *v.* EDWARDS.

The plaintiffs allege in respect to Item 2 of the will of Charles Best, "It was the intention of the testator to create a life estate in each of his said children and upon their death to their issue, if any, and the plaintiffs are advised and believe and, upon such information and belief, allege that since all of the children of the testator died without issue that the said lands so devised reverted to the estate of the testator, Charles Best, and the said George Edwards being the sole heir of the said testator, as well as the sole heir at law of the said three children of the testator, is entitled to be declared the owner in fee of a three-fourths undivided interest in said lands." The plaintiffs further allege that as to the remaining one-fourth interest in the lands described in Item 2 of the will, that the plaintiff, George Edwards, is entitled to a life estate therein, with the remainder to his children in fee.

The *guardian ad litem* sets up in his answer, "It was the intent and purpose of the said testator that if either of his children die without issue that all of said lands were to go to and the title thereto vested in fee simple in the defendants as children of the devisee and his grandson, George Edwards, they being the only children of the only surviving devisee, George Edwards, life tenant under the terms of said last will and testament; and it was the purpose of the testator to vest the title to said lands in the defendants, in fee, after the falling in of the life estates created by the terms of the said last will and testament of the said Charles Best;" and that the defendants, who are the children of the last survivor, should be declared the owners in fee of all the lands, subject only to the life estate of their father, George Edwards.

After finding the facts in substance as heretofore set forth, the court entered judgment in material part as follows:

"11. That the Court is of the opinion and finds as a fact that it was the intent of the testator in Item Second of said will to devise all of his real estate to his wife, Peninah Best, for life, and upon the termination of that estate to his three children and grandson, George Edwards, to be divided equally between them, and that after the death of his said three children and grandson it was the intent of the said Charles Best that the properties divided unto each of his three children and his grandson should go to the respective children of each of the respective devisees. That said Charles Best intended that an equal division be made of said lands between said second life takers.

"12. That the Court is of the opinion and finds as a matter of law that the lands devised in said will to his three children for life and at their death to the survivor or survivors of said children and their issue in fee simple, upon the death of all three of said children without issue, reverted to the estate of Charles Best, *Ex Defectu Sanguinis,* and there-

fore descended by inheritance to the plaintiff George Edwards, as the sole surviving heir at law of the testator, Charles Best.

"13. That the Court is of the opinion and finds as a matter of law that the said George Edwards as the owner in fee simple of a three-fourths undivided interest in the lands devised in said will is entitled to have said lands divided into two parts, under appropriate proceedings, and one part equal to three-fourths of the total value thereof allotted to him and the other part equal to one-fourth of the total value thereof allotted to him for life with the remainder to his children in fee.

"IT IS NOW, THEREFORE, CONSIDERED, ORDERED, ADJUDGED, DECLARED AND DECREED that the plaintiff George Edwards is the owner in fee simple of a three-fourths undivided interest in all the lands devised in the will of Charles Best, and is entitled to have said lands divided, and to have three-fourths in value of said lands allotted to him in fee simple, free and discharged of any interest therein of the defendants in this cause; and that he is entitled to have one-fourth in value of said lands allotted to him for life with remainder to his children."

From the foregoing judgment, the defendants appealed, assigning errors in the court's conclusions as to the intent of the testator and the effect of the disposition made in Item 2 of the will.

*George W. Edwards for plaintiffs, appellees.*
*K. A. Pittman for defendants, appellants.*

HIGGINS, J.   The sole question involved in this appeal is the disposition of the real estate made in Item 2 of the will of Charles Best.   That George Edwards is the owner of a life estate in an undivided one-fourth of the land, with remainder to his children, is not in dispute.   The will plainly so provides and the trial judge was correct in so deciding.   The controversy arises with respect to the remaining three-fourths interest.   Careful consideration of the will convinces us the trial judge was also correct in holding that George Edwards is the owner in fee of the remaining three-fourths undivided interest.   We think this is so for reasons different from those assigned in the judgment of the Superior Court.   While George Edwards is the sole heir of the testator, he takes under the will as survivor and not by inheritance.

We gather from the will that it was the intention of the testator to make a complete and final disposition of all his real estate and that Item 2 of his will makes such disposition.   The item in question contains one sentence.   As related to the question involved, the two important and controlling clauses are: (1) "That my lands shall be equally divided between all my children and my grandson, George Edwards, to have and to hold to them during their lives and if any one of them shall die without

leaving any child or children, then to the others who shall survive;" and (2) "at the death of my said children each one's share shall belong to their children if they leave any and if they leave no children, then to the survivor or survivors of my children and their issue in fee simple."

The widow's life estate was outstanding until her death in 1932. Nettie Mirrenda Best died in 1914. Her life estate had not come into possession. She died without children. She was not a survivor. She took nothing under the will. At the death of the widow in 1932, Ambrose Best, Jennie Mirrenda Best and George Edwards came into possession of life estates as tenants in common. In 1939 Ambrose Best died without children. He could not qualify as a survivor. Under the will he took only a life estate which terminated with his death. Thereafter the life estates of Jennie Mirrenda Best and George Edwards continued until 1953 when Jennie Mirrenda Best died without children. She was not a survivor. Her interest terminated with her death. Of the devisees in the will, George Edwards is the lone survivor. When related clauses numbers 1 and 2 above quoted are read together, as they must be in construing the will, it is apparent the testator intended that the grandchild, George Edwards, should stand on an equal footing with the children and that the word "children" last used in clause number 2 was intended to and did include the grandchild, George Edwards. He took in fee three-fourths of the land for the reason that Nettie Martha, Ambrose, and Jennie Mirrenda each died without children, leaving him the sole survivor.

Our decision that George Edwards takes as survivor a three-fourths undivided interest in fee in all the lands embraced in Item 2 of the will is supported by prior decisions of this Court in unbroken line (so far as the writer can ascertain) beginning in 1840. *Gregory v. Beasley,* 36 N.C. 25; *Skinner v. Lamb,* 25 N.C. 155; *Threadgill v. Ingram,* 23 N.C. 577; *Hilliard v. Kearney,* 45 N.C. 221; *Ham v. Ham,* 168 N.C. 486, 84 S.E. 840; *Wooten v. Hobbs,* 170 N.C. 211, 86 S.E. 811; *Dicks v. Young,* 181 N.C. 448, 107 S.E. 220; *Mercer v. Downs,* 191 N.C. 203, 131 S.E. 575; *Hummell v. Hummell,* 241 N.C. 254, 85 S.E. 2d 144.

While the judgment of the Superior Court of Greene County is affirmed in so far as it relates to the interests of the parties in the land in controversy, it is modified by striking out that portion which directs a partition of the land. The question of partition does not arise on this record. That question may be determined if and when desirable by a proceeding before the Clerk Superior Court of Greene County.

Modified and affirmed.

BARNHILL, C. J., took no part in the consideration or decision of this case.