Sudie F. Robinson v. Commissioner. Thomas B. Robinson and Ruth F. Robinson v. Commissioner.
Robinson v. Commissioner
Docket Nos. 57758, 57759.
United States Tax Court
T.C. Memo 1957-8; 1957 Tax Ct. Memo LEXIS 245; 16 T.C.M. (CCH) 45; T.C.M. (RIA) 57008; January 17, 1957
*245 1. The greatgrandfather of petitioners Sudie F. Robinson and Ruth F. Robinson died testate July 1, 1883. Under his will he devised all of his real estate to his wife for life, then to two of his grandchildren for life, then to their children, if any, in fee simple forever. The last life tenant who was the father of petitioners Sudie and Ruth died August 14, 1951. Petitioners sold their interest in the property thus acquired under the will of their greatgrandfather on November 16, 1951. Held, under section 113(a)(5) and (14) of the Internal Revenue Code of 1939, the basis for determining gain from the property sold is the fair market value of such property as of March 1, 1913. 2. The March 1, 1913, fair market value of the timber sold on November 16, 1951, determined. 3. Petitioner Sudie F. Robinson was advised by competent counsel who were familiar with the sale in 1951 and the contents of the will of David Friday that she was not liable for any Federal income tax in connection with the sale of her one-fourth interest. Held, petitioner's failure to file a return for 1951 was due to reasonable cause and was not due to willful neglect. Basil L. Whitener, Esq., 129 South Street, Gastonia, *246 N.C., for the petitioners. Paul J. Weiss, Jr., Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion Respondent determined a deficiency in income tax of $3,545.95 and an addition to income tax under section 291(a) of the Internal Revenue Code of 1939 of $886.49 for the calendar year 1951 against petitioner Sudie F. Robinson. He also determined a deficiency in income tax of $1,580.44 for the same year against petitioners Thomas B. Robinson and Ruth F. Robinson. Sudie and Ruth are sisters. During the year 1951 they sold some timber which they had acquired under the will of their greatgrandfather. The issues are: (1) Whether the proper date for determining the basis of timber sold by petitioners is August 14, 1951, the date of death of petitioner's father, the last life tenant, as petitioners contend, or March 1, 1913, as respondent contends; (2) whether the respondent erred in determining the value of the timber on March 1, 1913, if that is held to be the proper date; and (3) whether the respondent erred in determining the addition to the tax in the case of petitioner Sudie F. Robinson. Respondent concedes that if the proper date is held to be August 14, 1951, then *247 there are no deficiencies and no addition to the tax due from any of the petitioners. The cases were consolidated for trial. Findings of Fact Petitioner Sudie F. Robinson is an individual residing on Route 4, Lincolnton, North Carolina. No Federal income tax return was filed by her for the calendar year 1951. Petitioners Thomas B. and Ruth F. Robinson are husband and wife residing on Route 1, Dallas, North Carolina. They filed a joint Federal income tax return for the calendar year 1951 with the then collecter of internal revenue for the district of North Carolina at Greensboro, North Carolina. Petitioners Sudie and Ruth are daughters of John Andrew Friday and Leorah Emmaline Friday. John was the son of Andrew S. Friday who was the son of David Friday. David Friday died on July 1, 1883, leaving a last will and testament dated June 6, 1877, which last will and testament was duly probated in common form and is now of record in the Volume of Wills No. 2 at page 204 in the office of the Clerk of the Superior Court of Gaston County, North Carolina. This last will and testament provided, in part, as follows: "Second, I give and devise to my beloved wife, Frances Friday, all my real estate *248 of any and all description during the term of her natural life and at her decease I will that the said real estate be devised to John Friday and Frances Friday (children of my son Andrew S. Friday) during the term of their natural lives then to their children if any in fee simple forever. And in case they should have no children I will that it be devised to the children of my son Marion D. Friday in fee simple forever. And I further will that in case my son Andrew S. Friday should have any other legitimate children except those which are now living that in that case it be also devised to them during the term of their natural lives and to their children in fee simple forever. "Third, I will that my son Andrew S. Friday have an individual support or maintainance [maintenance] out of my real estate if wanted or needed for his special use during the term of his natural life." The real estate of David Friday conveyed by virtue of the second paragraph of David's will consisted of approximately 400 acres of land located in Gaston County, North Carolina, on which was situated certain timber. Frances E. Friday, wife of David Friday, the testator, died on November 22, 1901. Frances Friday, granddaughter *249 of David Friday and Frances E. Friday, married Jessie Arp, and both Frances Friday Arp and Jessie Arp died many years ago leaving no issue. On December 25, 1887, John Andrew Friday, grandson of David Friday, married Leorah Emmaline Schrum, and the following children were born of that union: Loy Leonard Friday (died in infancy) Mary O. Friday (died at the age of 3 years) Oscar Theodore Friday (died March 5, 1947) Elsie L. Friday (now Mrs. O. P. Wright) Ruth Odell Friday (now Mrs. Ruth F. Robinson, petitioner) Sudie Mae Friday (now Mrs. Sudie F. Robinson, petitioner) Leorah Emmaline Schrum Friday, wife of John Andrew Friday, died on September 1, 1935, and John Andrew Friday died on August 14, 1951, and left surviving him the following children: Elsie L. Friday (now Mrs. O. P. Wright) Ruth Odell Friday (now Mrs. Ruth F. Robinson, petitioner) Sudie Mae Friday (now Mrs. Sudie F. Robinson, petitioner) In addition, there was also surviving John Andrew Friday, two grandchildren who were children of Oscar Theodore Friday, viz., Bessie Friday Herman and John Russell Friday. Sudie Mae Friday Robinson, the youngest of the children of John Andrew Friday, was born in 1907. On November 16, 1951, *250 all timber on the 400 acre David Friday tract measuring 10 inches or more at the stump, except hickory and walnut, was sold to the C. G. Fox Lumber Company, Inc., of Hickory, North Carolina, for a total consideration of $112,000. The timber cut by the purchaser by virtue of this sale totaled 3,361,960 board feet and consisted of old growth and second growth shortleaf pine and some hardwoods made up of oak and poplar. Ruth F. Robinson and Sudie F. Robinson each received $28,000 for the one-fourth interest which each petitioner owned in the David Friday tract prior to the sale. There is set forth below a computation of the gain from the sale of the timber as reported in the joint income tax return of Thomas B. and Ruth F. Robinson for the calendar year 1951: Sales price of timber
$28,000
Basis
20,000
Expense of sale (attorney fees)
2,500
Total basis
$22,500
Gain
5,500
Taxable gain reported - 50%
$ 2,750
The respondent in the respective deficiency notices determined taxable gain as follows: Dkt. No.
Dkt. No.
57758
57759
Sales price (1/4 interest in
proceeds of $112,000 from
sale of timber on No-
vember 16, 1951)
$28,000.00
$28,000.00
Less: Cost basis (Mar. 1,
1913 value)
1,474.67
1,474.67
Attorney fees
None
2,500.00
Capital gain
$26,525.33
$24,025.33
Taxable at 50%
$13,262.67
$12,012.67
The *251 March 1, 1913, fair market value of a one-fourth interest in the David Friday tract of timber that was sold on November 16, 1951, was $4,000, or $16,000 for the entire tract. Petitioner, Sudie F. Robinson, consulted an attorney, A. L. Quickel, now deceased, and an accountant, David Frye, relative to whether petitioner was liable for any Federal income tax in connection with the sale of her interest in the David Friday tract of timber. Both the lawyer and accountant were advised as to the contents of the will of David Friday and both advised petitioner that she would not have to file an income tax return for the year 1951. Petitioner's failure to file a return for that year was due to reasonable cause and not due to willful neglect. Opinion ARUNDELL, Judge: Section 113(a)(5) of the Internal Revenue Code of 1939[1] *253 provides that in determining the basis of property sold, if such property is acquired by bequest, devise, or inheritance, the basis shall be the fair market value of such property "at the time of such acquisition." The principal dispute between the parties centers around the interpretation of the phrase "at the time of such acquisition." Petitioners Sudie and Ruth contend that *252 they did not acquire the property which they sold in November 1951 until the death on August 14, 1951, of their father John Andrew Friday who was the last of the life tenants mentioned in the will of their greatgrandfather David Friday. They argue that the language of the will indicates that the testator intended that title to the land should be kept open until the death of the last of the prospective life tenants and cite several North Carolina cases [2] for the proposition that "the roll call of the remaindermen" should not be made until the date of the death of the last of the life tenants for until then their interest in the property was merely an executory or contingent interest which did not vest until the last surviving life tenant, John Andrew Friday, died on August 14, 1951. None of the cases cited by petitioners involve section 113 of the Internal Revenue Code of 1939. Respondent contends that under section 113(a)(5), supra, the time of acquisition by petitioners of the property here in question is the date of the death of the testator David Friday, citing in support thereof section 29.113(a)(5)-1, (b)(1) of Regulations 111, [3] *254 Helvering v. Reynolds (1941), 313 U.S. 428, and Malcolm Clifton Davenport (1946), 6 T.C. 62. We think the issue now before us is precisely the same as was involved in the Reynolds case. When that case was before us, [4] *256 we said: "Petitioner argues that the phrase 'time of acquisition' must be construed with regard to whether the interest bestowed upon him by the will was a vested or contingent interest; that if a contingent interest it may not be regarded as acquisition of the property, and that by North Carolina law ( Reynolds v. Reynolds, 208 N.C. 578; 182 S.E. 341) *255 his interest was a contingent interest until he received the securities by distribution. The argument must be rejected because the proper application of the statute is not dependent upon whether the interest created in petitioner by the trust was but a contingent interest. Elizabeth G. Augustus, supra [41 B.T.A. 59, 60]; Richard Archbold, 40 B.T.A. 1238. Even if it was contingent, the intendment of the statute was that the securities actually received when distributed are to be regarded as putatively acquired by the beneficiary when the testator died * * *." The Fourth Circuit reversed us but was in turn reversed by the Supreme Court. In holding that the proper basis of the securities owned by the decedent was their value at his death, the Supreme Court said: "Hence the regulation governs this case if the word 'acquisition' as used in section 113(a)(5) was susceptible of this administrative interpretation. We think it was. * * * Respondent's suggestion that the regulation does not cover this case will not stand analysis. It has a broad sweep and embraces all interests which have their origin in a bequest, devise, or inheritance." Applying section 113(a)(5) of the 1939 Code and the regulations thereunder to the facts in the instant case, we hold that the title to the property which petitioners sold in 1951 related back to the death in 1883 of David Friday. Helvering v. Reynolds, supra; Malcolm Clifton Davenport, supra. Cf. Miriam Coward Pierson, 27 T.C. - (Nov. 26, 1956). Since petitioners do not contend, once the "acquisition" date is held to be 1883 rather than 1951, that the valuation date for determining gain should be other than March 1, 1913, we hold further that, under section 113(a)(14) of the 1939 Code, the basis for determining gain is the fair market value of the property as of March 1, 1913. 2. We have found as a fact that the March 1, 1913, fair market value of the timber that was sold in 1951 was $16,000 for the entire tract or $4,000 for each one-fourth interest. In arriving at this value we have given careful consideration to all of the evidence introduced relative to the classification of species as between shortleaf pine (old and second growth) and the hardwoods consisting of oak and poplar, the growth of such timber since March *257 1, 1913, and the stumpage value per thousand board feet of each species as of March 1, 1913. We do not regard it necessary to discuss herein the detailed evidence offered by both parties as to the many factors involved other than to say that all of the evidence as to each factor has been fully considered with the result that in our best judgment the March 1, 1913, fair market value of the property in question is as set out in our Findings of Fact. The taxable gain should be recomputed by using as a basis for each one-fourth interest a March 1, 1913, value of $4,000 instead of $1,474.67 used in each of the deficiency notices. 3. Petitioner Sudie F. Robinson filed no return for the taxable year here involved. Section 291(a) [5] of the Internal Revenue Code of 1939 provides that "unless it is shown that such failure is due to reasonable cause and not due to willful neglect" there shall be added to the tax certain additions not exceeding 25 per centum. We think the facts as set out in our Findings clearly show that petitioner's failure to file was due to reasonable cause and not to willful neglect. We hold for the petitioner on this issue. C. R. Lindback Foundation, 4 T.C. 652, affirmed *258 per curiam by C.A. 3, 150 Fed. (2d) 986; Christina de Bourbon Patino, 13 T.C. 816, 826, affirmed on other grounds by C.A. 4, 186 Fed. (2d) 962. Decisions will be entered under Rule 50. Footnotes
1. SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS. (a) Basis (Unadjusted) of Property. - The basis of property shall be the cost of such property; except that - * * *
(5) Property Transmitted at Death. - If the property was acquired by bequest, devise, or inheritance, or by the decedent's estate from the decedent, the basis shall be the fair market value of such property at the time of such acquisition. * * *
(14) Property Acquired Before March 1, 1913. - In the case of property acquired before March 1, 1913, if the basis otherwise determined under this subsection, adjusted (for the period prior to March 1, 1913) as provided in subsection (b), is less than the fair market value of the property as of March 1, 1913, then the basis for determining gain shall be such fair market value. * * * ↩
2. Bowen v. Hackney (1904), 136 N.C. 187, 48 S.E. 633; Cooley v. Lee (1915), 170 N.C. 18, 86 S.E. 720; Witty v. Witty (1922), 184 N.C. 375, 114 S.E. 482; Fulton v. Waddell (1926), 191 N.C. 688, 132 S.E. 669; Mosley v. Knott (1937), 212 N.C. 651, 194 S.E. 100; and Edwards v. Edwards (1955), 241 N.C. 694, 86 S.E. 2d 268↩.
3. The regulations provide in part as follows: "* * * the basis of property acquired from a decedent by will or under the law governing the descent and distribution of the property of decedents is the fair market value at the time of such acquisition. Since, under the law governing wills and the distribution of the property of decedents, all titles to property acquired by bequest, devise, or inheritance relate back to the death of the decedent, even though the interest of him who takes the title was, at the date of death of the decedent, legal, equitable, vested, contingent, general, specific, residual, conditional, executory, or otherwise, the time of the acquisition of such property is the death of the decedent. * * *" [Italics supplied.]↩
4. See Richard J. Reynolds (1940), 41 B.T.A. 59, revd. (C.A. 4, 1940) 114 Fed. (2d) 804, revd. (1941) 313 U.S. 428↩.
5. SEC. 291. FAILURE TO FILE RETURN. (a) In case of any failure to make and file return required by this chapter, within the time prescribed by law or prescribed by the Commissioner in pursuance of law, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the tax: 5 per centum if the failure is for not more than thirty days with an additional 5 per centum for each additional thirty days or fraction thereof during which such failure continues, not exceeding 25 per centum in the aggregate. * * *↩